OWEN EVANS, Appellee, v. W. E. RICHARDS *et al.*, Appellants.

Attachment: JURISDICTION: RESIGNATION OF JUSTICE PENDING NOTICE. Where, before the return day under an original notice, in an action by attachment before a justice of the peace, the justice resigned his office, and the office remained vacant until after the return day under said notice, *held*, that a justice subsequently appointed to fill such vacancy was without jurisdiction to render judgment condemning the attached property.

*Appeal from Keokuk District Court.*—HON. W. R. LEWIS, Judge.

THURSDAY, MAY 26, 1892.

THIS is an action which was commenced before a justice of the peace upon an account against the defendant, W. E. Richards. The Crescent Coal Company was garnished as a supposed debtor of Richards. J. Lambert & Sons intervened in the action, and claimed that Richards had assigned to them the claim which Richards held against the Crescent Coal Company. Upon a trial it was decided that the plaintiff was entitled to the money in the hands of the garnishee. The intervenors removed the cause to the district court by a writ of error, where it was held that the judgment of the justice of the peace was regular and valid. J. Lambert & Sons appeal.—*Reversed.*

*C. M. Brown*, for appellants.

No appearance for appellee.

ROTHROCK, J.—The action involves less than one hundred dollars, and the appeal comes to us upon a certificate of the trial judge, which shows the following facts: The action was commenced before the justice

of the peace on the eleventh day of October, 1889. The petition of the intervenors was filed on the return day. Richards, the defendant in the action, was not served with notice. He had absconded, so that ordinary process could not be served upon him, and for that reason the cause was continued until January 7, 1890, so that service by posting notices could be had upon him, as required by statute. The notices were posted, but nothing was done in the case on the seventh day of January, 1890, because the justice of the peace before whom the action was commenced resigned his office before that day and no successor was appointed. On the fifteenth day of February, 1890, one Vore, who had been appointed his successor, having notified the parties, excepting the defendant, Richards, attempted to try said case, against the objections of the intervenors, who filed motions to dismiss the cause for want of jurisdiction. The defendant, Richards, made no appearance in person or by attorney.

The question arising upon the foregoing facts is, did the justice have jurisdiction of the cause, so as to condemn the debt in the hands of the garnishee to the payment of the plaintiff's claim? We think that there was no jurisdiction of the defendant, Richards. By the service made upon him, he was required to appear before the justice on the seventh day of January. There was no justice then in office before whom he could appear in obedience to the original notice. The law requires that justices of the peace shall proceed to hear the cause upon the day specified for that purpose. Code, section 3610. But, when the day fixed arrived, there was no justice of the peace. He had resigned, and the office was vacant until Vore was appointed. It was not a case of one justice succeeding another by virtue of the expiration of his term of office, when the docket would pass directly to the successor. In such case there would be no vacancy. It is to be

remembered that this is a direct attack upon the judgment of the justice of the peace. It was absolutely necessary that he should have jurisdiction of the defendant, in order to maintain the attachment; and, without such jurisdiction, he could not adjudicate and determine that the debt due from the garnishee should be paid to the plaintiff. This is a garnishment before judgment, and it is necessary that jurisdiction should be had to maintain the proceeding.

The judgment of the district court is REVERSED.